RECORD NUMBER: 14-4073

# United States Court of Appeals

### *for the*

# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**JOHN MICHAEL ROBINSON,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

# OPENING BRIEF OF APPELLANT

**WILLIAM S. TRIVETTE**
WILLIAM S. TRIVETTE,
 ATTORNEY AT LAW, PLLC
**301 N. Elm St., Suite 308 A**
**Greensboro, NC 27401**
**(336) 580-2238**

*Counsel for Appellant*

CP COUNSEL PRESS • VA – (800) 275-0668

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ ii

JURISDICTIONAL STATEMENT ............................................................. 1

STATEMENT OF THE ISSUES.................................................................. 1

STATEMENT OF THE CASE...................................................................... 1

       Statement of the Facts.......................................................................... 3

SUMMARY OF THE ARGUMENTS .......................................................... 6

ARGUMENT ................................................................................................ 7

I.     THE "IN OR AFFECTING COMMERCE" ELEMENT OF
AN 18 U.S.C. § 922(g)(1) FELON IN POSSESSION
CHARGE AS APPLIED TO THIS DEFENDANT IS
UNCONSTITUTIONAL AS EXCEEDING CONGRESS'
AUTHORITY UNDER THE COMMERCE CLAUSE ............ 7

     Standard of Review............................................................................... 7

     Discussion............................................................................................. 7

II.    THE DISTRICT COURT ERRED IN PROHIBITING THE
DEFENDANT FROM TESTIFYING AS TO THE
MINIMUM MANDATORY 15 YEAR IMPRISONMENT
HE FACED UNDER THE ARMED CAREER CRIMINAL
ACT ...................................................................................... 9

     Standard of Review............................................................................... 9

     Discussion............................................................................................. 9

CONCLUSION ............................................................................................ 12

REQUEST FOR ORAL ARGUMENT ....................................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**

Apprendi v. New Jersey,
    530 U.S. 466 (2000)........................................................ 11

Blakely v. Washington,
    542 U.S. 296 (2004)........................................................ 11

Duncan v. Louisiana,
    391 U.S. 145 (1968)........................................................ 10

Jones v. United States,
    529 U.S. 848 (2000)........................................................ 8

Miranda v. Arizona,
    384 U.S. 436 (1966)........................................................ 4

Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Corp.,
    65 F.3d 1113 (4th Cir. 1995) ............................................. 7

Shannon v. United States,
    512 U.S. 573 (1994)..................................................... 9, 12

Singer v. United States,
    380 U.S. 24 (1965)........................................................ 10

United States v. Booker,
    543 U.S. 220 (2005)........................................................ 11

United States v. Datcher,
    830 F.Supp. 411 (M.D.Tenn. 1993) ................................. 10

United States v. Gallimore,
    247 F.3d 134 (4th Cir. 2001) ......................................... 6, 8

United States v. Gray,
    405 F.3d 227 (4th Cir. 2005) ............................................. 9

United States v. Lopez,
    514 U.S. 549 (1995)........................................................ 8

United States v. Mento,
  231 F.3d 912 (4th Cir. 2000) ............................................................. 7

United States v. Meredith,
  824 F.2d 1418 (1987) ..................................................................... 6, 9

United States v. Morrison,
  529 U.S. 598 (2000) ........................................................................... 8

United States v. Nathan,
  202 F.3d 230 (4th Cir.), *cert. denied*, 529 U.S. 1123 (2000) ............... 8

United States v. Polizzi,
  549 F. Supp. 2d 308 (E.D.N.Y. 2008) ......................................... 11, 12

United States v. Polouizzi,
   564 F.3d 142 (2d Cir. 2009) ........................................................ 9, 12

United States v. Queen,
  132 F.3d 991 (4th Cir. 1997) .............................................................. 9

United States v. Townes,
  940 F.2d 654 (4th Cir. 1991) .............................................................. 7

United States v. Wilson,
  629 F.2d 439 (6th Cir. 1980) ............................................................ 10

**Rules, Statutes, and Other Authorities:**

18 U.S.C. § 922(g) .................................................................. 1, 7, 8, 12

18 U.S.C. § 922(g)(1) .................................................................. 1, 6, 7, 8

18 U.S.C. § 924(a)(2) ......................................................................... 10

18 U.S.C. § 924(e) ........................................................................... 1, 3

18 U.S.C. § 3231 ................................................................................. 1

28 U.S.C. § 1291 ................................................................................. 1

Fed. R. App. P. 4(b) ........................................................................ 1

Fed. R. Cr. P. 29 ............................................................................ 2

Milton Heumann & Lance Cassak, <u>Not-So-Blissful Ignorance:</u>
<u>Informing Jurors About Punishment In Mandatory Sentencing Case</u>,
    20 Am. Crim. L. Rev. 343 (1983) ..................................................... 12

## JURISDICTIONAL STATEMENT

This is a direct appeal by the Defendant from his conviction following a jury trial in federal court. Jurisdiction was conferred on the United States District Court by 18 U.S.C. § 3231. This appeal is from a final judgment. Appellate jurisdiction is conferred on this Court by 28 U.S.C. § 1291. The Defendant gave timely notice of appeal on January 22, 2014, from final judgment entered on January 8, 2014. See Fed. R. App. P. 4(b).

## STATEMENT OF THE ISSUES

I. Whether the "in or affecting commerce" element of 18 U.S.C. § 922(g) as applied to this Defendant is unconstitutional as exceeding Congress' authority under the Commerce Clause.

II. Whether the district court erred in prohibiting the Defendant from testifying as to the minimum mandatory 15-year imprisonment he faced under the Armed Career Criminal Act.

## STATEMENT OF THE CASE

On May 28, 2013, the Appellant/Defendant (hereinafter Defendant), was charged in a single-count indictment with knowingly possessing in commerce and affecting commerce, a firearm, that is, a Remington Arms 16 gauge shotgun, having three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (JA 8, Indictment).

1

The Defendant contested the charge at a jury trial held July 29-30, 2013. (JA 9-145, Trial Transcripts). In Defendant's Trial Brief, the Defense had placed the Government and the court on notice that he would request to present evidence that upon conviction he faced a minimum-mandatory 15 year sentence. (Docket No. 11). The Government filed a motion in *limine* to prohibit the Defense from presenting such evidence. (Docket No. 15). The district court granted the Government's motion in *limine,* thereby prohibiting the Defense from introducing evidence as to potential punishments. (JA 12-14). Accordingly, he Defendant followed the court's order and did not testify that he would face a mandatory-minimum of 15 years or more. (JA 68-104, Defendant's Testimony).

At trial, the Government presented evidence to establish that the Defendant had possessed the Remington 16 gauge shotgun by pawning it. At the conclusion of the Government's case, the Defense moved, pursuant to Fed.R.Cr.P. 29, for judgment of acquittal. Specifically, the Defense contended that the mere fact that the firearm in this case crossed state lines is insufficient to establish an effect on interstate commerce. The district court denied the Rule 29 motion. (JA 67).

The Defense case consisted of Defendant's testimony. (JA 68-104). At the close of all evidence the Defense renewed the Rule 29 motion for judgment of acquittal, citing the same grounds as at the close of the Government's case. The Court

2

denied the motion. (JA 104).  The Court gave final instructions to the jury. (JA 134-145).

The presentence report found the Defendant to be subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  At sentencing on December 18, 2013, the court imposed the mandatory-minimum 180 month term of imprisonment, followed by three years of supervised release, and a $100 special assessment.  Judgment was filed on January 8, 2014, (Docket No. 21) and Defendant filed a timely notice of appeal on January 22, 2014 (Docket No. 22).

**Statement of Facts**

Detective Jeffrey Harrison of the Kannapolis, NC, Police Department testified (JA 30-39) that during a routine check, he discovered that the Defendant, who was a convicted felon, had pawned a Remington 16 gauge shotgun at Discount Jewelry and Pawn in Kannapolis.  The Government introduced Government's Exhibit (henceforth GE) 1, which was the pawn ticket that contained the Defendant's name, address, date of birth and driver's license number.  Detective Harrison identified GE 2 as the 16 gauge shotgun associated with the pawn ticket.  The pawn ticket showed that the Defendant received $30 when he pawned the gun.  (JA 30-39).

The Government introduced GE 3, a stipulation signed by the parties that the Defendant had been convicted of a crime punishable by more than one year and that

3

his civil right to possess a firearm had not been restored.  (JA 39).

BATF Special Agent Andrew Cheramie qualified as an expert in the field of interstate nexus.  He testified that GE 2 was manufactured in the state of New York. (JA 40-47).

BATF Special Agent Michael Lewis testified that he tested the 16 gauge shotgun (GE 2) to determine if it would function.  Agent Lewis took a 16 gauge shotgun shell and cut it open to remove the pellets and gun powder.  He then placed the shell into GE 2 and pulled the trigger.  The primer fired.  (JA 48-50).

Kannapolis Police Officer Timothy Roth testified that he arrested the Defendant pursuant to a warrant for arrest.  Roth searched the Defendant and found in Defendant's wallet GE 4, the original pawn ticket for the 16 gauge shotgun.  Officer Roth read the Defendant his *Miranda*[1] rights, which Defendant waived.  Officer Roth identified GE 5 as the statement that Roth wrote as the Defendant answered Roth's questions. After Roth finished writing the statement, he allowed the Defendant to read it.  The Defendant agreed with the statement without asking for any changes; the Defendant signed it.  The Defendant was cooperative with the officer.  (JA 51-61).

At the conclusion of the Government's case, the Defense moved pursuant to Rule 29 for judgment of acquittal.  Specifically, the Defense contended that the mere

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

4

fact that the firearm in this case crossed state lines is insufficient proof to establish an effect on interstate commerce. The court denied the motion. (JA 67).

The Defendant, John Michael Robinson, testified in his own defense. (JA 68-103). He is 60 years of age and he grew up in Kannapolis, NC. Around March, 2012, he was essentially homeless. His old family home at 302 North Little Texas Road in Kannapolis was abandoned and without utilities. A distant relative, whom he called Aunt Martha, had a mobile home on Kennedy Street, which was located close to 302 North Little Texas Road. Aunt Martha was in a nursing home, so Defendant visited her and asked if he could move into her mobile home. She gave him permission to do so.

After the Defendant had been in Aunt Martha's home about two months, he was doing some cleaning when he discovered three firearms in a shed on Aunt Martha's lot. He recognized the firearms as his Grandfather's guns. One of the firearms was GE 2, the 16 gauge shotgun that had been pawned. The other firearms were a .22 caliber rifle and a .410 shotgun. He took the firearms to Discount Jewelry and Pawn, which was located about two miles from Aunt Martha's house.

The Defendant wanted to get the firearms off the property because he is a felon. He called a relative who lived in another state to take possession of the firearms, but that person could not assist. The Defendant wanted the firearms to be in a safe place

5

as they were family heirlooms. He did not want to sell them on the street. He decided the best thing he could do was to put them into a pawn shop. His purpose was not to obtain money - his goal was to safeguard them and to get them off the property.

Defendant testified that he did not own the guns and that he was simply getting them off the property to a safe place. He thought they were valuable because of their age. He did not believe he was doing wrong, as he used his own identification and name when he took them to the pawn shop. He was trying to do the right thing. (JA 79-80).

## SUMMARY OF THE ARGUMENTS

I. The Defendant contends that the "in or affecting commerce" element of a 18 U.S.C. §§ 922(g)(1), as interpreted and applied by the district court in this case, is unconstitutional as exceeding Congress' authority under the Commerce Clause. The Defendant acknowledges that the Fourth Circuit ruled against this argument in United States v. Gallimore, 247 F.3d 134, 137 (4th Cir. 2001). However, the Defendant raises the argument to preserve it for further appeal, as appropriate.

II. The district court erred in prohibiting the Defendant from presenting evidence that he faced a minimum-mandatory 15 year term of imprisonment. The Defense concedes the Fourth Circuit has held in United States v. Meredith, 824 F.2d 1418, 1429 (1987) that a jury must render a verdict without considering possible

sentences.   See also, United States v. Townes, 940 F.2d 654 (4th Cir. 1991)(unpublished).   However, a jury trial is a fundamental constitutional right because it is a check on the courts, the executive, and the Congress.  The Defendant raises the argument to preserve it for further appeal, as appropriate.

## ARGUMENT

I.   **THE "IN OR AFFECTING COMMERCE" ELEMENT OF AN 18 U.S.C. § 922(g)(1) FELON IN POSSESSION CHARGE AS APPLIED TO THIS DEFENDANT IS UNCONSTITUTIONAL AS EXCEEDING CONGRESS' AUTHORITY UNDER THE COMMERCE CLAUSE.**

**Standard of Review:**

The constitutionality of a federal statue is a pure question of law, subject to de novo review.  United States v. Mento, 231 F.3d 912 (4th Cir. 2000); Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Corp., 65 F.3d 1113 (4th Cir. 1995).

**Discussion:**

The Defendant contends that the "in or affecting commerce" element of a 18 U.S.C. §§ 922(g)(1), as interpreted and applied by the district court in this case, is unconstitutional as exceeding Congress' authority under the Commerce Clause.[2]  The

---

[2] Although § 922(g) regulates "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," the Defendant's argument is limited to the "possess in or affecting commerce" portion of the statute.

Defendant acknowledges that Fourth Circuit has ruled against this argument in <u>United States v. Gallimore</u>, 247 F.3d 134, 137 (4th Cir. 2001), *citing* <u>United States v. Nathan</u>, 202 F.3d 230, 234 (4th Cir.), *cert. denied*, 529 U.S. 1123 (2000).  However, the Defendant raises the argument to preserve it for further appeal.

Section 922(g)(1) forbids felons to "possess in or affecting commerce, any firearm or ammunition . . . ."  The evidence is undisputed that the firearm was manufactured in New York state.  However, the Defendant objected that the firearm's mere traveling across state lines was sufficient to prove an effect on commerce. (JA 67).

Congress acquires jurisdiction over the behavior prohibited in § 922(g) through the Commerce Clause.  The district court employed a legal fiction that any past interstate transportation of the firearm provides a sufficient nexus to the present possession to allow the "in or affecting commerce" element to federalize the behavior.

The Supreme Court's decisions in <u>United States v. Lopez</u>, 514 U.S. 549 (1995), <u>United States v. Morrison</u>, 529 U.S. 598 (2000), and <u>Jones v. United States</u>, 529 U.S. 848 (2000) suggest that this legal fiction is no longer valid.  The Defendant contends that evidence of mere passing across state lines is insufficient to establish the "in or affecting commerce" element of a 18 U.S.C. §§ 922(g)(1).

## II. THE DISTRICT COURT ERRED IN PROHIBITING THE DEFENDANT FROM TESTIFYING AS TO THE MINIMUM MANDATORY 15 YEAR IMPRISONMENT HE FACED UNDER THE ARMED CAREER CRIMINAL ACT.

**Standard of Review:**

An appellate court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Gray, 405 F.3d 227, 238 (4th Cir. 2005), *citing*, United States v. Queen, 132 F.3d 991, 995 (4th Cir.1997).

**Discussion:**

At trial, the district court granted the Government's motion in *limine* to preclude the Defense from introducing evidence as to the potential mandatory minimum 15 year term of imprisonment that the Defendant would face upon conviction. (JA 12-14). Accordingly, when the Defendant later testified, he was prohibited from informing the jury that upon conviction he would face a mandatory-minimum of 15 years or more.

Traditionally, it has been impermissible to inform a jury of punishments since sentencing was the Court's function. Shannon v. United States, 512 U.S. 573, 579 (1994)(where jury has no sentencing function it should reach its verdict without regard to sentence); United States v. Meredith, 824 F.2d 1418, 1429 (4th Cir. 1987)(jury must render a verdict without considering possible sentences); United States v. Polouizzi, 564 F.3d 142, 160 (2d Cir. 2009)(no Sixth Amendment right to inform jury of

minimum mandatory sentence).

However, a jury trial is a fundamental constitutional right because it is a check on the courts, the executive, and the Congress. The district court prevented the jury from knowing of the harsh penalty facing this 60 year-old Defendant, who was only getting firearms away from his residence. The Defendant was deprived of his right to a fair trial.

The district court in United States v. Datcher, 830 F.Supp. 411 (M.D.Tenn. 1993) granted a defendant's motion to argue punishment to the jury. "The drafters of the Constitution intended the right of trial by jury to protect the accused from oppression by the Government." Id. at 413, *citing* Singer v. United States, 380 U.S. 24 (1965); and, Duncan v. Louisiana, 391 U.S. 145, 152–57 (1968)(right to jury trial granted to defendants to prevent government oppression). "In criminal cases, a jury is entitled to acquit the defendant because it has no sympathy for the government's position." Id., *citing* United States v. Wilson, 629 F.2d 439, 443 (6th Cir. 1980). The right to a jury trial is a check on the Government.

Mandatory minimum sentences shift the power to sentence to the legislative and executive branches because it deprives a court of its sentencing discretion. That is true in this case, where mandatory minimum 15 year sentence far exceeds the ten years for felon in possession under 18 U.S.C. § 924(a)(2).

Therefore, the traditional thinking that the jury should not be informed of the potential punishment a defendant faces if convicted, especially when that punishment is a mandatory minimum, no longer exists.  The district court had no discretion to sentence below 15 years under the ACCA, so informing the jury of the minimum-mandatory would properly dispel any erroneous belief that the court had discretion over the prison sentence.

In <u>United States v. Polizzi</u>, 549 F. Supp. 2d 308 (E.D.N.Y. 2008), the defendant, pursuant to the Sixth Amendment, requested a jury instruction on the applicable mandatory minimum sentence if convicted of sexual exploitation of a minor. The district court originally denied the defendant's request but later reversed that decision and granted a new trial. <u>Id</u>. at 404, 449-50.  The court held, "[w]hen a jury refuses to convict on the basis of what it thinks is an unjust law as applied, a misconceived prosecution, or an excessive penalty, it is performing exactly its role imposed by the Sixth Amendment."  <u>Id</u>. at 404.  The court conducted a thorough historical analysis starting with adoption of the Sixth Amendment in 1791 through the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  <u>Polizzi</u>,  549 F. Supp. 2d at 404-446.

On appeal, the Second Circuit vacated and remanded, holding  the Sixth

11

Amendment does not require that a jury be instructed on the applicable mandatory minimum sentence.  United States v. Polouizzi, 564 F.3d 142, 161 (2d Cir. 2009). The Second Circuit based its decision on circuit precedent, which in turn had been informed by the Supreme Court case of Shannon v. United States, *supra.*  However, the Court emphasized that Second Circuit precedent and Shannon would permit informing the jury under certain limited circumstances of potential punishments.

The Defendant argues that the instant case is one such instance where the jury should have been informed of the minimum mandatory sentence that the Defendant would face upon conviction.   Accordingly, the Court erred by prohibiting the Defendant from testifying as to punishments, particularly because of the harsh 15-year mandatory minimum sentence upon conviction.  "The right of jurors to be told of the high stakes of their decisions under a mandatory sentencing scheme so that they can decide to find a defendant guilty or innocent or guilty of a lessor crime 'is a point independent of the right to nullify.'" Polizzi, 549 F. Supp. 2d at 445, quoting Milton Heumann & Lance Cassak, Not-So-Blissful Ignorance: Informing Jurors About Punishment In Mandatory Sentencing Case, 20 Am. Crim. L. Rev. 343, 388 (1983).

## **CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests this Court reverse his conviction because 18 U.S.C. § 922(g) as interpreted and applied by the

district court is unconstitutional as exceeding Congress' authority under the Commerce Clause.

Alternatively, the Defendant requests this Court reverse the conviction and remand with instructions that upon any retrial that the Defendant be permitted to present evidence regarding the minimum mandatory fifteen years he faces upon conviction.

## **<u>Request For Oral Argument</u>**

The Defendant respectfully requests oral argument.

Respectfully submitted, April 10, 2014.

<u>/s/ William S. Trivette</u>
Attorney At Law, PLLC
North Carolina State Bar No. 21490
301 N. Elm St., Suite 308 A
Greensboro, NC 27401
Telephone: (336) 441-8054
E-mail: trivette@triad.twcbc.com

13

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-4073       **Caption:** United States v. John Robinson

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains _____2,847_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using
   WordPerfect 11 _____ [*identify word processing program*] in
   Times New Roman, 14 point _____ [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) William S. Trivette _____

Attorney for Appellant _____

Dated: 4/10/2014 _____

# CERTIFICATE OF SERVICE

I certify that on   April 10, 2014      the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Terry Michael Meinecke
OFFICE OF THE U.S. ATTORNEY
101 South Edgeworth Street
4th Floor
Greensboro NC 27401-0000
336-333-5351
USANCM.ECFCENTRAL@usdoj.gov

William S. Trivette

Signature

4/10/2014

Date